UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WILSON,

    Petitioner,

v.

Case No. 10-cv-10347

HONORABLE STEPHEN J. MURPHY, III

MICHIGAN DEPARTMENT
OF CORRECTIONS, and
MICHIGAN PAROLE BOARD,

    Respondents.
_____/

**OPINION AND ORDER DISMISSING, WITHOUT**
**PREJUDICE, PETITION FOR WRIT OF HABEAS CORPUS**

David Wilson ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his Wayne County Circuit Court conviction for violating the terms of his probation. The trial court sentenced Petitioner to prison on his underlying plea-based convictions for breaking and entering, Mich. Comp. Laws § 750.110, and receiving a stolen motor vehicle, Mich. Comp. Laws § 750.535(7). Petitioner has since been released on parole. He claims he was denied his right to assistance of counsel and his right to a new probation revocation hearing. Petitioner states that he has an application for leave to appeal pending in the Michigan Supreme Court concerning his probation violation conviction. For the reasons stated below, the Court will dismiss, without prejudice, Petitioner's habeas petition, deny a certificate of appealability, and deny leave to proceed on appeal *in forma pauperis*.

**DISCUSSION**

After the filing of a petition for a writ of habeas corpus, the Court must promptly

1

undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that a petitioner is not entitled to relief, the court must summarily dismiss the petition. Rule 4, Rules Governing § 2254 Cases; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without a response from the State. *Allen*, 424 F.2d at 141.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. 28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). The Petitioner has the burden of demonstrating exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, Petitioner has not met his burden of showing that he has exhausted his state court remedies. Petitioner admits in his petition that he has an application for leave to appeal pending in the Michigan Supreme Court concerning the subject matter of this petition. Petitioner must complete the state court's direct appeals process before seeking habeas relief federal court. *Wilson v. Mitchell*, 498 F.3d 491, 498-99 (6th Cir. 2007) (exhaustion requirement not satisfied until the highest court in the state has been given a full and fair opportunity to rule on a petitioner's claims). Petitioner has not fully exhausted his state court remedies as required before seeking federal habeas review. Accordingly,

2

the Court will dismiss the habeas petition without prejudice.

## CERTIFICATE OF APPEALABILITY

Before a petitioner may appeal the Court's decision denying habeas relief, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Supreme Court stated in *Slack v. McDaniel*:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473, 484 (2000).

The Court concludes that no reasonable jurist would find it debatable whether the Court was correct in dismissing the Petition because Petitioner failed to exhaust his state court remedies. Because the Court finds no reasonable jurists could differ on this procedural ruling, the Court need not decide whether reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right. *See Slack*, 529 U.S. at 485 ("The recognition that the Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of, allows and encourages the court to first resolve procedural issues.") (internal citation and quotation marks omitted). The Court will therefore deny a certificate of appealability.

The Court will also deny Petitioner leave to proceed *in forma pauperis* on appeal because any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that:

- The petition for a writ of habeas corpus is **DISMISSED without prejudice.**

- A certificate of appealability is **DENIED**.

- Petitioner is **DENIED** leave to appeal *in forma pauperis.*

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 23, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 23, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager